**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:17-CR-30-004(CAR) |
| **CHRIS RIVERS** | |

**ORDER ON MOTION FOR REDUCTION IN SENTENCE
UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

On January 21, 2025, defendant Chris Rivers moved the Court for reduction in sentence which the Court considered, in part, pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). Rivers' arguments that go beyond the scope of compassionate release relief are not considered. For the following reasons, Rivers' motion (Doc. 207), as it relates to "compassionate release," is **DENIED WITHOUT PREJUDICE.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court. Before the Act, compassionate release was available only upon a motion from the Director of the Bureau of Prisons (BOP). However, the amended statute provides the defendant may move directly for a sentence reduction after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Once a movant has established that he has fully exhausted his administrative rights, a Court may reduce a term of imprisonment if, after considering the 18 U.S.C. § 3553(a) factors, it finds compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG §1B1.13.

Records maintained by the BOP reflect Rivers' security level classification is medium with a high risk for recidivism. He is participating in GED classes and has a total of 184 earned programming hours. He is 35 years old and has no medical restrictions. His disciplinary record includes sanctioned incidents for engaging in sexual acts, refusing work/program assignment, and use of drugs/alcohol. There is no record of any administrative remedy requests related to compassionate release.

Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under USSG §1B1.13: (1) medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an usually long sentence. Rivers has not shown any extraordinary and compelling reasons to justify release. While records reflect the defendant availed himself of programming, a defendant's rehabilitation is not, by itself, and extraordinary and compelling reason that may justify a sentence reduction. USSG §1B1.13(d).

The Court finds Rivers' motion untimely as he has failed to exhaust all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of his request by the warden of the defendant's facility. Further, the Court finds Rivers has failed to provide extraordinary and compelling reasons to warrant relief.

Accordingly, his motion (Doc. 207), as it relates to "compassionate release," is **DENIED WITHOUT PREJUDICE**.


So ordered this 27 day of May , 2026.


C. ASHLEY ROYAL
SENIOR U.S. DISTRICT JUDGE